IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEX DAVILA, an individual, and CTR MOTORS, LLC, a Utah limited liability company,<br><br>                    Plaintiffs,<br>v.<br><br>ADESA UTAH, LLC, DBA ADESA SALT LAKE, a Utah limited liability company, and ADESA INC., a Delaware corporation,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00055<br><br>District Judge Dee Benson |

Before the court is Defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and the doctrine of *forum non conveniens* or, in the alternative, to transfer venue. The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. The court now elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

**BACKGROUND**

For purposes of a motion to dismiss, the allegations in the complaint are presumed to be true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff Alex Davila is an individual residing in Utah County, Utah. Dkt. No. 7 ¶ 8. Davila is the sole member of Plaintiff CTR Motors, a Utah limited liability company with its principal place of business in Utah County, Utah. *Id.* ¶ 2; Dkt. No. 11 ¶ 7. Defendant ADESA Utah is a Utah limited liability

company whose owner and sole member is ADESA, Inc., a Delaware corporation with its principal place of business in Indiana.  Dkt. No. 7 ¶ 4.

On July 5, 2016, Davila signed a document entitled "ADESA and Openlane Terms and Conditions" on behalf of his LLC, CTR Motors.  Dkt. No. 8 Ex. 2.  One of the included terms was entitled "Governing Law, Jurisdiction and Venue."  *Id.* at 11.  This section provided that "Customer submits to the personal exclusive jurisdiction of the courts of Indiana . . . and the federal courts of the United States, sitting in Indiana for the adjudication of any matters arising under or in connection with these Terms and Conditions and Auction Rules."  *Id.*  The terms also state that the agreement is governed by Indiana law.  *Id.*

On October 11, 2016, Davila purchased a 2015 Lamborghini Huracan in an ADESA auction for $148,500.  Dkt. No. 7 ¶¶ 13-15.  The bill of sale from that transaction lists CTR Motors as the buyer and states that "Buyer and Seller agree that the vehicle described herein is bought and sold subject to Auction Rules and Policies . . . and that such Auction Rules and Policies are incorporated herein by reference."  Dkt. No. 8 Ex. 1 at 16.  The following year, local police approached Davila, informed him that the vehicle had been registered as stolen from a Texas corporation, and confiscated the vehicle.  *Id.* ¶ 17.  Davila alleges that ADESA knew or should have known that the vehicle did not have a clean, valid title when it sold the vehicle to Davila.  *Id.* ¶ 19.

On December 24, 2019, Davila brought suit against ADESA Utah in the Fourth Judicial District Court in Utah County.  Dkt. No. 2 Ex. 2.  ADESA Utah removed the case to federal court on January 27, 2020.  Dkt. No. 2 Ex. 2.  On May 6, 2020, Davila filed an amended complaint naming CTR Motors as an additional plaintiff and ADESA, Inc. as an additional

defendant.  Dkt. No. 7.  Defendants moved to dismiss this action on May 26, 2020 (Dkt. No. 8.), and the motion has now been fully briefed.

## DISCUSSION

In evaluating a typical *forum non conveniens* motion, the court should evaluate both the convenience of the parties and various public-interest considerations.  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62-63 (2013).  "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  *Id.* at 62 n. 6 (2013) (internal citations and quotation marks omitted).  In the presence of a valid forum selection clause, private considerations and the convenience of the parties are presumed to be represented by the parties' choice of forum, leaving only public-interest considerations.  *Id.* at 64.  As a practical result, "valid forum-selection clauses, bargained for by the parties . . . should be given controlling weight in all but the most exceptional cases."  *Id.* at 63.

Here, however, this forum selection clause is neither "valid" nor "bargained for by the parties."  First, under Indiana law, "forum selection provisions are enforceable if they are reasonable and just under the circumstances . . . ."  *Carmeuse Lime & Stone v. Illini State Trucking, Inc.*, 986 N.E.2d 271, 276 (Ind. Ct. App. 2013).  This forum selection clause requires the "Customer" to file suit exclusively in Indiana but allows the "Auction Company" to "bring any suit against Customer . . . in any Court of competent jurisdiction."  Such a provision is neither "reasonable" for a contract between two Utah LLCs, nor is it "just under the circumstances."  The contract disadvantages "Customer[s]" by burying a one-sided provision on

page eleven of a sixteen-page contract and giving a litigation advantage to the large corporation that wrote the contract.

Indiana law further provides that forum selection clauses are only valid when they are "freely negotiated." *Carmeuse*, 986 N.E.2d at 277. The contract was written entirely by ADESA Utah, a branch of a national corporation, and the "Customer" who is disadvantaged by this provision is a single-member LLC whose sole member is an individual. There is no evidence that the parties discussed or even reviewed the provisions of this agreement during the transaction at issue—Plaintiffs allege, by contrast, that ADESA simply volunteered to "legitimize the deal" between CTR Motors and Specialized Sales. The agreement containing the forum selection clause was signed months before, and the one-sided clause was buried deep in that document. Because the clause is neither "reasonable," "just," nor "freely negotiated," the forum selection clause is not valid.

In the absence of a *valid* forum-selection clause, the public-interest factors and private factors here strongly favor venue in Utah. Witnesses relevant to this case and sources of proof are more likely to be found here. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981). Administrative difficulties would likely be reduced because both Plaintiffs and the relevant actors at ADESA are in Utah. *Id.* The plaintiff's choice of forum should be given some weight, a consideration favoring Utah. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). And "the local interest in having localized controversies decided at home" suggests that the case should be decided in Utah. *Piper Aircraft*, 454 U.S. at 241. The only relevant public-interest consideration favoring Indiana is the interest in having a diversity case involving "Auction Rules" with an Indiana choice-of-law provision decided "in a forum that is at home with the law." *Id.* Yet to paraphrase the United States Supreme Court in *Atlantic Marine*, "[w]e are not

4

aware of any exceptionally arcane features of [Indiana] contract law that are likely to defy comprehension by a federal judge sitting in [Utah]." 571 U.S. at 67-68. This court is therefore the appropriate venue for this suit.

Finally, ADESA Inc. claims that it is not subject to personal jurisdiction in this court. "Under Utah's long-arm statute, transacting business in Utah . . . give[s] rise to specific jurisdiction in Utah." *Dougan v. Minton*, 868 F. Supp. 2d 1211, 1215 (D. Utah 2012). "These words are liberally and expansively interpreted such that 'a person may transact business within the state despite an absence of physical presence in Utah.'" *Id.* (quoting *Hafen v. Strebeck*, 338 F. Supp 2d 1257, 1260 (D. Utah 2004)). "[The] Utah long-arm statute is intended to be interpreted broadly 'so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.'" *Id.*

ADESA, Inc. does not dispute that it is the owner and sole member of ADESA Utah, LLC, an auction company conducting business in Utah. That alone would likely suffice to subject ADESA, Inc. to general jurisdiction in Utah, and it certainly suffices to subject ADESA, Inc. to specific personal jurisdiction in this matter. ADESA, Inc. attempts to avoid jurisdiction by claiming Plaintiff did not allege specific actions by "ADESA, Inc." nor did they specifically allege that ADESA Utah was the "alter ego" of ADESA, Inc. Yet the plaintiffs need not invoke magic words to establish jurisdiction over a parent company for its subsidiary's actions. The inference is clear, and even if it were not, ADESA, Inc. has acknowledged control over ADESA Utah in their very own motion. Dkt. No. 8 p. 11 (referring to ADESA Utah's principal place of business, and therefore "nerve center," in Indiana); Dkt. No. 12. Ex. 1 (listing ADESA Utah's

principal place of business as the then-corporate headquarters for ADESA, Inc. in Indiana). Personal jurisdiction over ADESA, Inc. is therefore appropriate here.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

Entered this 18th day of August, 2020.

                          BY THE COURT

                          _____

                          U.S. District Judge Dee Benson